UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| TRAMEL CAVINESS, | |
| Plaintiff, | Case No. 1:04-CV-496 |
| v. | Hon. Richard Alan Enslen |
| ENGINE POWER COMPONENTS, INC., | |
| Defendant. | **ORDER** |
| _____/ | |

      Defendant Engine Power Components, Inc. has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Upon review of the briefing, oral argument is unnecessary and would only protract resolution of the Motion for Summary Judgment.

      Under Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

      Plaintiff Tramel Caviness has sued for racial discrimination in employment. More particularly, Plaintiff, an African American, claims that Defendant subjected him to a work

environment which included racial harassment and intimidation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Count I, First Am. Compl.). Plaintiff claims in Count II that Defendant discriminated against him because of his race, including by unfavorable treatment of job assignments and leave benefits, and by termination of his employment in violation of 42 U.S.C. § 1981. Plaintiff alleges in Count III that the allowance of the racially hostile work environment violated the Michigan Elliott-Larsen Civil Rights Act ("MELCRA"), §§ 37.2101 *et seq.* Count IV alleges that Plaintiff was terminated in retaliation for making complaints about racial harassment in violation of MELCRA. Count V alleges that Plaintiff's treatment constitutes intentional infliction of emotional distress. Defendant has denied the various allegations.

Upon review, this record is simply replete with disputed facts requiring trial. The following are disputed: the extent of the racial harassment, its pervasive and offensiveness; whether Defendant took effective remedial action; whether the harassment caused Plaintiff to take leave; whether Plaintiff was treated adversely and differently than white employees because of his race; whether Defendant had an effective policy addressing racial harassment; whether the termination decision was related to race; whether the termination decision was made in retaliation for complaints about racial harassment; whether Plaintiff's workplace treatment was so extreme and outrageous as to constitute intentional infliction of emotional distress; whether any violation of the law caused Plaintiff's damages; and whether Plaintiff is entitled to exemplary or punitive damages.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Engine Power Components, Inc.'s Motion for Summary Judgment (Dkt. No. 36) is **DENIED**.

DATED in Kalamazoo, MI:  
    October 5, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE